## IN THE UNITED STATES
## THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAWANDA GREER-MEDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 20-CV- |
| BOARD OF TRUSTEES OF SOUTHERN ) | |
| ILLINOIS UNIVERSITY, ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff Tawanda Greer-Medley ("Greer-Medley") by and through her attorney, Shari R. Rhode of the Rhode Law Firm, and for her Complaint against Defendant Board of Trustees of Southern Illinois University ("SIU"), states as follows:

## NATURE OF THIS ACTION

This is an action to correct unlawful employment practice on the basis of race under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq, as amended by the Civil Rights Act of 1991, 42 U.S.C.§ 1981a.

## JURISDICTION AND VENUE

1. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) for violation of Plaintiff's federal rights under Title VII.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that all or substantially all of the events or omissions giving rise to the claims herein occurred in the Southern District of Illinois.

1

3. Plaintiff filed a timely charge of discrimination with the EEOC and a Right to Sue Notice was issued by the EEOC dated September 25, 2020; a copy of which is attached as Exhibit A. This Complaint was filed within ninety (90) days of Plaintiff's receipt of the Right to Sue Notice on September 28, 2020.

## PARTIES

4. Plaintiff is a black female who at all times relevant herein was employed by SIU in Carbondale, Illinois.

5. The Board of Trustees of SIU is a body politic and corporate of the State of Illinois which has its primary office in Carbondale, Jackson County, Illinois and was created to manage each campus within the SIU system including the Carbondale campus where Plaintiff was employed.

6. SIU is an employer within the definition of Title VII.

## GENERAL FACTS

7. In 2005, Plaintiff was hired as a tenure track Assistant Professor in the Psychology Department at the University of South Carolina.

8. In 2011, Plaintiff was awarded tenure and promotion to Associate Professor at the University of South Carolina.

9. During Plaintiff's employment with the University of South Carolina, SIU recruited Plaintiff telling her she was being recruited because of SIU's need for racial diversity.

10. Even though Plaintiff never sought a position with SIU in December 2014, Plaintiff was offered a position with SIU as a tenure track Associate Professor in the Department of Psychology ("Department").

11. The Department is one department within the College of Liberal Arts ("COLA").

12. Plaintiff accepted the offer and began her employment with SIU in August 2015.

13. Plaintiff came up for a mandatory tenure review during the academic year of 2018-2019 ("AY 2019").

14. Plaintiff also went up for promotion to full professor at the same time.

15. The Department has its own set of Operating Papers which include the standards for both tenure and promotion of faculty within the Department.

16. During the tenure and promotion process, Plaintiff received positive recommendations for both tenure and promotion to full professor from the Department.

17. The Chair of the Department also recommended Plaintiff for both tenure and promotion.

18. The Interim Dean of COLA, Dr. Andrew Balkansky, recommended Plaintiff for tenure but not for promotion.

19. Dr. Balkansky cited Plaintiff's low annual publication record as the reason for denying her promotion to full professor.

20. Dr. Balkansky said that he understood the informal publication standard in the Department is an average of two (2) publications per year.

21. The Department Operating Papers do not specify a minimum number of publications a faculty member must have to be promoted to full professor.

22. The then-Interim Provost and Vice Chancellor for Academic Affairs, Dr. Meera Komarraju, adopted Balansky's recommendations.

23. A white Associate Professor who was in the Department, herein after referred to as Dr. X[1] went up for promotion during AY 2019.

24. Dr. X's annual publication record during the same period of review was less than Greer-Medley's.

---

[1] The individual's name is not used for privacy reasons since s/he is not a party in this action but is known to SIU.

25. Dr. X's annual publication record during the same period of review was less than an average of two (2) publications per year.

26. When Greer-Medley challenged the denial of her promotion, SIU asserted other reasons she was denied promotion.

27. These "other" reasons were not requirements for promotion in the Department Operating Papers either.

28. A motivating reason for SIU's denial of Greer-Medley's promotion was because of her race. SIU's "other reasons" were pretextual.

29. SIU did not apply a consistent standard for promotion for black associate professors and white associate professors seeking promotions to full professors.

30. SIU applied a more favorable standard of promotion to full professor to a white associate professor in the Department.

31. SIU applied more favorable standards of promotion of another white associate professor in the Anthropology department which is also in COLA in AY 2019.

32. Both white associate professors described above were awarded promotion to full professor in AY 2019.

33. Plaintiff, a black associate professor, was denied promotion to full professor in AY 2019.

34. Had Plaintiff been promoted to full professor, her salary would have been increased approximately $1,200 per month.

## STATEMENT OF CLAIM FOR RACE DISCRIMINATION CLAIM

35. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

36. SIU discriminated against Plaintiff because race was a motivating factor when it denied her promotion to full professor while promoting a similarly situated white associate professors in violation of Plaintiff's rights under Title VII.

37. SIU's acts of racial discrimination were knowingly international, and/or made with reckless disregard of Plaintiff's known right to be free of race discrimination in the workplace.

38. As a direct and proximate result of SIU's conduct, Plaintiff has sustained substantial economic losses, including, but not limited to, past and future loss of wages, and other economic benefits.

39. Further, Plaintiff has suffered stress and anguish, humiliation, loss of enjoyment of life, and other pecuniary losses.

40. Plaintiff has incurred attorneys' fees, expenses and costs in bringing this matter and in resisting unlawful race discrimination set out herein.

WHEREFORE Plaintiff Tawanda Greer-Medley respectfully requests that the Court find for Plaintiff and against Defendant and that the Court order award her all available damages, including but not limited to, back pay and benefits, front pay and benefits, compensatory damages and payment of all of her reasonable attorney's fees, costs and expenses, and any other damages necessary to remedy SIU's violation of Plaintiff's Title VII rights.

Respectfully submitted
Tawanda Greer-Medley, Plaintiff

By:  /s/ Shari R. Rhode

Shari R. Rhode, Attorney for Plaintiff
Bar No. 2324598
Rhode Law Firm
1405 West Main Street
Carbondale, IL 62901
Phone: 618.549.4287;  Fax: 618.549.4343
Email: shari@rhodelawfirm.com